UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

T.W. Individually and as Parents on behalf of
H.W. also known as Todd Wentworth,
P.W. also known as Pamela Wentworth,

                                Plaintiffs,

                                                                           DECISION AND ORDER

                                                                           11-CV-6362L

                        v.

SPENCERPORT CENTRAL SCHOOL DISTRICT,
SPENCERPORT CSD BOARD OF EDUCATION,
NEW YORK STATE DEPARTMENT OF EDUCATION,

                                Defendants.
_____

       This action is brought by plaintiffs on behalf of their infant daughter, H.W., and asserts claims pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"), several other federal statutes, and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq. Plaintiffs allege that the defendants, the Spencerport Central School District, the District's Board of Education (collectively the "District"), and the New York State Department of Education ("NYSED"), failed to provide H.W. with a free appropriate public education. Both NYSED (Dkt. #11) and the District defendants (Dkt. #12) have moved to dismiss the action pursuant to Fed. R. Civ. Proc. 12(b)(6).

       For the reasons that follow, the defendants' motions to dismiss are granted, and the complaint is dismissed.

## BACKGROUND

Plaintiffs are the parents of H.W., a student who attended school in the District from the fall of 2004 through the spring of 2009. H.W. was classified by the District's Committee on Special Education as a student with a disability for purposes of the IDEA, due to her diagnosis of Prader-Willi Syndrome, a rare disorder associated with a variety of physical and cognitive symptoms, including learning and attention difficulties. In September 2009, plaintiffs unilaterally removed H.W. from the District and enrolled her at Hope Hall School, a private institution.

Plaintiffs thereafter requested tuition reimbursement from the District. Following a due process hearing, the impartial hearing officer ("IHO") found that the District had offered a free appropriate public education for H.W., and denied plaintiffs' tuition reimbursement request.

The IHO's decision was issued and served by mail on the plaintiffs on November 20, 2010. Thus, any appeal of the IHO's decision by a State Review Officer ("SRO") was required to be served on the District or before December 29, 2010 (the 35-day statute of limitations under 8 N.Y.C.R.R. §279.2(b), plus four days to account for service by mail).

At some point thereafter, plaintiffs' counsel apparently concluded that plaintiffs would be unable to timely serve the appeal, as she contacted the District's counsel to request whether it would consent to plaintiffs' untimely service of the petition, if it was served on or before January 11, 2011. (Because the applicable regulations do not provide a mechanism for appellants to request an extension of time from the SRO to file their petition, the District's "consent" for plaintiffs to file an untimely petition presumably meant that the District was agreeing not to thereafter oppose the petition on untimeliness grounds). (Dkt. #15 at ¶¶ 4, 5). The District assented.

On or about January 10, 2011, plaintiffs' counsel asked the District to consent to untimely service of the petition until January 12, 2011. This time, the District declined. Plaintiffs ultimately did not serve the District with the petition until January 25, 2011, 66 days after the IHO's decision was issued, and 27 days after the December 29, 2010 appeal deadline had expired.

On March 23, 2011, a SRO dismissed plaintiffs' appeal *sua sponte* as untimely, and in excess of the applicable page limitations. In so doing, the SRO concluded that plaintiffs' proffered reasons for the late filing of the petition –a holiday vacation and relocation of plaintiffs' counsel's solo practice during the period between December 17, 2010 and January 3, 2011 – did not constitute "good cause" for the late filing, and declined to excuse its untimeliness. (Dkt. #1 at Exh. 2, Dkt. #15-1).

Plaintiffs now bring this action on H.W.'s behalf, alleging that they have sustained economic injuries in their efforts to secure an appropriate education for H.W. The defendants have separately moved (Dkt. #11, #12) to dismiss the action pursuant to Fed. R. Civ. Proc. 12(b)(6), primarily on the grounds that plaintiffs failed to exhaust their administrative remedies. For the reasons that follow, those motions are granted, and the complaint is dismissed.

## DISCUSSION

**I.   Standard for Fed. R. Civ. Proc. 12(b)(6) Motion**

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the Court's review is limited to the complaint, and those documents attached to the complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Plaintiffs' Failure to Exhaust Administrative Remedies

It is well settled that the "IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal [court] . . ." *J.S. v. Attica Central Schools*, 386 F.3d 107, 112 (2d Cir. 2004) (citing 20 U.S.C. §1415(i)(2)). In order to exhaust their administrative remedies, plaintiffs are required to first seek review by an IHO, and then appeal the IHO's decision to the SRO. *See* N.Y.C.R.R. §200.5; *Kelly v. Saratoga Springs City Sch. Dist.*, 2009 U.S. Dist. LEXIS 88412 at *8 (S.D.N.Y. 2009). A party's failure to bring a timely appeal renders the IHO's decision final. *Id.* at *10.

No statutory means is provided by which appellants may seek or be granted an extension of time by the SRO to serve a petition outside of the 35-day limitation period. However, the SRO may, in his discretion, choose to excuse the untimeliness of a late-filed appeal, upon a showing of good cause. *See* 8. N.Y.C.R.R. §§ 179.2(b), 279.13. A party whose appeal is dismissed as untimely will be deemed to have failed to exhaust the available administrative remedies, and the courts will be deprived of subject matter jurisdiction over the matter. *See Polera v. Bd. of Educ. of the Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002).

As such, the Court's review of this matter is initially confined to whether the SRO's dismissal of plaintiffs' untimely appeal was proper. Where an appeal to the SRO has been dismissed as untimely, the SRO's decision must be upheld unless it is arbitrary and capricious. *See Kelly*, 2009 U.S. Dist. LEXIS 88412 at *11-*12; *Grenon v. Taconic Hills Cent. Sch. Dist.*, 2006 U.S. Dist. LEXIS 91450 at *13 (N.D.N.Y. 2006). In considering whether the decision was arbitrary and capricious, the Court "must determine whether the agency's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *State of New York Dep't of Soc. Serv. v. Shalala*, 21 F.3d 485, 492 (2d Cir. 1994).

Here, plaintiffs do not dispute that their appeal to the SRO was filed 66 days after the deadline to do so, or that at 67 pages in length, their petition exceeded the applicable 20-page limit. Nonetheless, plaintiffs contend that the SRO's refusal to accept their petition was "arbitrary and

capricious," because the SRO failed to explain in detail why the plaintiffs' proffered reasons did not constitute good cause, and/or because the SRO is generally biased in favor of school districts and against parents with respect to the acceptance of late filings.

Upon review of the pleadings and submissions on this motion, I find that plaintiffs have failed to show that the SRO acted improperly in exercising his discretion to deny plaintiffs' request to excuse the untimeliness of their petition, *sua sponte*. Generally, "[g]ood cause for late filing would be something like postal service error, or in other words, an event that the filing party had no control over." *Grenon*, 2006 U.S. Dist. LEXIS 91450 at *15-*16. Here, the SRO set forth relevant case law wherein good cause was not found (e.g., attorney error or computer difficulties do not comprise good cause), and concluded that the events alleged to have precipitated the plaintiffs' untimely filing – the temporary closure of plaintiffs' counsel's office for the holidays and/or for a contemporaneous relocation to her home, which commenced mid-way through the limitations period – did not satisfy the good cause standard. While the plaintiffs are correct that the SRO did not provide an in-depth discussion of why conflicting obligations largely within the scheduling control of their counsel did not comprise "good cause" for their untimely filing, the SRO's decision appears to have considered the pertinent factors and cited appropriate law with regard to them. His finding that "a scheduled vacation and other commitments" (Dkt. #1-2) did not constitute good cause for plaintiffs' 66-days-overdue appeal did not require a more detailed explanation, and I find no error of law or fact in his determination.

Indeed, it is apparent that at all times, plaintiffs' counsel was fully aware of the applicable time limitations (which were explicitly set forth in documentation provided with the IHO's decision), that the scheduling difficulties she encountered were largely within her control, and that an examination of pertinent SRO decisions would have informed her that delays due to scheduling difficulties or lack of availability on the part of parties or counsel are not typically found to be "good cause" for untimely petitions. *See e.g.*, *Application of a Child with a Disability* 04-103 (N.Y. State

Educ. Dep't January 5, 2005); *Application of a Child with a Disability*, App. No. 05-048 (N.Y. State Educ. Dep't June 17, 2005).

In light of these circumstances, the SRO's determination that plaintiffs had failed to demonstrate "good cause" for their substantial delay in appealing the IHO's decision, and in the alternative, that plaintiffs' 67-page submission was properly rejected as failing to comply with the applicable 20-page limit, cannot be said to be arbitrary or capricious. *See generally* 8 N.Y.C.R.R. §279.8(a)(petition shall not exceed 20 pages in length, and non-compliant petitions "may be rejected in the sole discretion of the State Review Officer"); 8 N.Y.C.R.R. §279.13 (SRO may dismiss a late petition *sua sponte*, of may, in his sole discretion, excuse a failure to timely serve or file a petition for good cause shown).

Having concluded that the SRO's dismissal of plaintiffs' appeal was not arbitrary and capricious, the Court lacks subject matter jurisdiction over the plaintiffs' IDEA claims, as well as plaintiffs' claims under other federal statutes – all of which I find could have been remedied through resolution of their IDEA claims – and those claims are dismissed. *See generally Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245-246 (2d Cir. 2008) (federal claims under other statutes seeking relief available under the IDEA are subject to the IDEA's exhaustion requirements); *Polera*, 288 F.3d 478 at 483 (same); *Fennell v. Cortines*, 69 F.3d 687, 688 (2d Cir. 1995) (same); *MC v. Arlington Central Sch. Dist.*, 2012 U.S. Dist. LEXIS 103064 at \*30 (S.D.N.Y. 2012) (same).

To the extent that plaintiffs purport to allege distinct bias claims against the NYSED based on statistical evidence, and/or argue that the SRO's decision should be subjected to a more rigorous standard of review because it was tainted by bias, they have failed to plead a statutory basis for pursuing such claims, or to allege facts that would render their bias allegations plausible. Indeed, similarly-unsupported bias claims have been consistently and repeatedly dismissed by district courts in this Circuit. *See e.g.*, *H.C. v. Katonah-Lewisboro Union Free Sch. Dist.*, 2012 U.S. Dist. LEXIS 97870 at \*53 (S.D.N.Y. 2012) (collecting cases dismissing SRO bias claims based on speculation and/or statistical evidence, and noting that such claims "have been rejected repeatedly in this

district"); *R.E. & M.E. v. N.Y. City Dep't of Educ.*, 785 F. Supp. 2d 28, 39-40 (S.D.N.Y. 2011) (dismissing bias allegation based on statistical analysis of SRO decision). *See generally United States v. Int'l Bus. Machs. Corp.*, 618 F.2d 923, 930 (2d Cir. 1980) ("[i]t seems evident that statistics alone, no matter how computed, cannot establish extrajudicial bias. There is no authority for, and no logic in, assuming that either party to a litigation is entitled to a certain percentage of favorable decisions. The inquiry to be at all meaningful would necessarily require this court to examine each and every ruling to determine whether it was, initially, legally valid. If we determined that some adverse rulings were correctly made, obviously they could not be tainted by bias. Even if they were deemed to be incorrect, it of course does not follow that they were motivated by personal bias").

Finally, I observe that plaintiffs' mere allegation that administrative bias and inexpediency made the entire "administrative hearing process . . . an exercise in futility" (Dkt. #1 at ¶¶2, 31) is an insufficient basis to excuse their failure to exhaust their administrative remedies on the grounds of futility. Again, plaintiffs have not plausibly alleged that the SRO harbored any unlawful bias, or that the SRO lacked the authority or ability to grant the relief they sought. *See Heldman v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992) (exhaustion of administrative remedies will be excused as futile only where: (1) the agency was acting in violation of the law; or (2) the agency was unable to remedy the alleged injury). *See generally B.J.S. v. State Educ. Dep't*, 815 F. Supp. 2d 601, 613 (W.D.N.Y. 2011). Plaintiffs' prayer for relief, both in their appeal to the SRO and in the instant complaint, is specific to the agency proceedings concerning their daughter, seeks no redress on behalf of others, and does not purport to address or rectify "systemic issues." *See e.g.*, *Handberry v. Thompson*, 446 F.3d 335, 343-344 (2d Cir. 2006). I therefore find that plaintiffs have failed to show that the exhaustion of their administrative remedies would have been futile.

Having dismissed all of plaintiffs' federal claims, the Court declines to exercise jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367. I have considered the remainder of plaintiffs' arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I conclude that plaintiffs have failed to exhaust their administrative remedies, or to plausibly allege that such exhaustion would have been futile, and have failed to state a claim upon which relief can be granted. The defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) (Dkt. #11, #12) are granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 18, 2012.